**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-60164
Summary Calendar
_____


WILLIE LEE RAULS,

                                        Plaintiff-Appellant,

VERSUS

THE GLIDDEN COMPANY,

                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Mississippi
(1:94cv241RR)
_____

November 21, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Willie Lee Rauls brought this diversity action, alleging negligence by the Glidden Co. ("Glidden"). The district court granted summary judgment for Glidden, and we affirm.

Rauls injured his back while making a delivery to Glidden Paint Store in Gulfport, Mississippi, as an employee of John Fayard

_____

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

Fast Freight, Inc.  According to Rauls's complaint:

> The Defendants required [him] to unload the truck's cargo which was an 1800 pound pallet.  Defendant refused to unload or assist the plaintiff.  The freight bill clearly indicates that The Glidden Store, d/b/a Glidden Paint Store is responsible for loading and unloading the truck.  [As a consequence, Glidden] and through [its] employees did then and there carelessly, negligently, and recklessly cause or allow [him] to be seriously injured.

The district court granted summary judgment because: "Rauls' own testimony deconstructs the foundation upon which he bases his negligence claim.  Restated, he debunks his own claim that Glidden 'through [its] employees': (1) 'required' him to unload cargo, (2) 'refused to . . . assist' him, and (3) is therefore guilty of negligence."  By Rauls's own admission in his deposition, he was not told to unload the truck, but took it upon himself to do so.

We agree with the district court that Rauls failed to establish an essential element of his negligence claim——a breach of duty.  See Carpenter v. Nobile, 620 So. 2d 961, 964 (Miss. 1993); Georgia Casualty Co. v. Cotton Mills Prods. Co., 132 So. 73 (Miss. 1931) (holding that negligence can arise from breach of a contractual duty).  There was no breach, because Rauls waived the benefit of the contract when he voluntarily unloaded the pallet.  A contractual duty can be discharged when the beneficiary of the contractual right waives that benefit.  Canizaro v. Mobile Communications Corp., 655 So. 2d 25, 29 (Miss. 1995) (holding that a party may waive a right to which he would be entitled under a contract by either words or conduct);  Mariana v. Hennington, 90 So. 2d 356, 362 (Miss. 1956) (holding that a party may waive beneficial contract provisions by actions and conduct);  Moore v.

2

Yazoo & M.V.R. Co., 166 So. 395, 397 (Miss. 1936) (finding waiver when plaintiff failed to protest breach of employment contract and continued to work). Even assuming that the bill of lading established a contractual duty on Glidden to unload the pallets, Glidden did not breach that duty when Rauls unloaded the pallets without complaint.

The judgment is AFFIRMED.